ACCEPTED
15-25-00035-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/5/2025 12:35 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00035-CV

# In the Court of Appeals
# for the Fifteenth Judicial District

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2025 12:35:03 PM
CHRISTOPHER A. PRINE
Clerk

Steven J. Stringfellow,

*Plaintiff-Appellant,*

v.

Texas Comptroller of Public Accounts,

*Defendant-Appellee.*

On Appeal from the 98th Judicial District Court of Travis County, Texas
Cause No. D-1-GN-24-009050, Honorable Sandra Avila Ramirez, Judge Presiding

## BRIEF OF DEFENDANT-APPELLEE
## TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant
Attorney General

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (512) 936-1327
Fax: (512) 320-0667

Austin Kinghorn
Deputy Attorney General for Civil
Litigation

Kimberly Gdula
Chief, General Litigation Division

Anthony Dolcefino
Assistant Attorney General
Texas Bar No. 24134406
anthony.dolcefino@oag.texas.gov

Counsel for Defendant-Appellee
Texas Comptroller of Public Accounts

## IDENTITY OF PARTIES AND COUNSEL

*Plaintiff-Appellant:*      Steven J. Stringfellow, *pro se*
10160 Hwy 242, Ste 800-4117
Conroe, TX 77385-4379
512-571-2036
thefederalexitparty@gmail.com

*Defendant-Appellee:*      Texas Comptroller of Public Accounts[1]

*Trial & Appellate Counsel for*   Anthony Dolcefino
*Defendant-Appellee:*      Texas Bar No. 24134406
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1327 – Phone
(512) 320-0667 – Fax
anthony.dolcefino@oag.texas.gov

---

[1] Plaintiff misidentifies Defendant–Appellee as the Texas Comptroller Judiciary Section. The correct name of Defendant–Appellee is the Texas Comptroller of Public Accounts.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................2

TABLE OF CONTENTS.................................................................................................3

TABLE OF AUTHORITIES ...........................................................................................4

STATEMENT OF THE CASE.......................................................................................5

STATEMENT REGARDING ORAL ARGUMENT ...............................................5

ISSUES PRESENTED......................................................................................................5

STATEMENT OF FACTS ...............................................................................................5

    I.     Factual Background ....................................................................................5

    II.    Procedural History .......................................................................................7

SUMMARY OF THE ARGUMENT ............................................................................7

STANDARD OF REVIEW ..............................................................................................8

ARGUMENT .......................................................................................................................9

    I.     The trial court lacked jurisdiction over Stringfellow's claim. ....................9

    II.    Appellant failed to establish statutory entitlement to relief under Chapter 103. .................................................................................11

PRAYER...............................................................................................................................12

CERTIFICATE OF SERVICE ....................................................................................14

CERTIFICATE OF COMPLIANCE.........................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Bland Indep. Sch. Dist. v. Blue*,
   34 S.W.3d 547 (Tex. 2000)......................................................................8
*City of Dallas v. Carbajal*,
   324 S.W.3d 537 (Tex. 2010)....................................................................8
*City of Dallas v. Sanchez*,
   494 S.W.3d 722 (Tex. 2016).....................................................................9
*Ex parte Springsteen*,
   506 S.W.3d 789 (Tex. App.—Austin 2016, pet. denied) .......................... 9, 10, 11
*In re G.S.*,
   644 S.W.3d 160 (Tex. 2022)....................................................................12
*In re Smith*,
   333 S.W.3d 582 (Tex. 2011).....................................................................10
*State ex rel. Abbott v. Young*,\
    265 S.W.3d 697 (Tex. App.—Austin 2008, pet. denied) .....................................9
*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
   852 S.W.2d 440 (Tex. 1993).....................................................................8
*Tex. Dep't of Parks & Wildlife v. Miranda*,
   133 S.W.3d 217 (Tex. 2004)....................................................................8, 9

**Statutes**

Tex. Gov't. Code § 311.034......................................................................10

**Rules**

Tex. Civ. Prac. & Rem. Code § 103.001(a).................................................. 9, 10, 11
Tex. Civ. Prac. & Rem. Code § 103.051(e)................................................................10

## STATEMENT OF THE CASE

*Nature of the case:*      This is a wrongful imprisonment compensation case brought under Texas Civil Practice & Remedies Code § 103.051. CR. 5.

*Trial Court:*      98th District Court, Travis County,
Judge Sandra Avila Ramirez

*Trial Court Disposition:*  After briefing and oral argument, the trial court granted Defendant's Plea to the Jurisdiction and Motion to Dismiss, dismissing the case. CR. 364.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary in this case, as the briefing amply demonstrates the trial court correctly dismissed Stringfellow's claims.

## ISSUES PRESENTED

1. Did the trial court properly grant Appellee's Plea to the Jurisdiction and Motion to Dismiss under Rule 91a where Appellant failed to allege facts demonstrating the trial court's jurisdiction or a viable claim for relief under Chapter 103 of the Civil Practice and Remedies Code?

## STATEMENT OF FACTS

### I.    Factual Background

Appellant Steven J. Stringfellow (Stringfellow) filed suit against the Texas Comptroller of Public Accounts (Comptroller) seeking monetary compensation

under Chapter 103 of the Texas Civil Practice and Remedies Code for alleged wrongful imprisonment. CR. 4.

Stringfellow alleged that on November 9, 2017, he was arrested by the Austin Police Department on a felony warrant for Aggravated Assault with a Deadly Weapon. CR. 6, ¶3.1.1. Stringfellow alleged that, although initially charged with a felony, he ultimately pleaded guilty to a Class A Misdemeanor Assault and was released from custody on January 17, 2020. CR. 7, ¶3.1.3. According to Stringfellow, he was incarcerated for a total of 799 days, 434 days over the maximum sentence of one year. CR. 6, ¶2.3.

Stringfellow claims that he submitted an application for compensation to the Comptroller via mail in November 2022. CR. 7, ¶3.2.1. However, he acknowledged that he has no proof that the application was received. CR. 8, ¶3.2.2. Stringfellow also asserted that he attempted to send follow-up emails to the Comptroller but received error messages, leading him to speculate that internet hackers may have interfered with the application process. *Id*.

Stringfellow seeks monetary damages in the amount of $95,123. CR. 9, ¶4.1. Stringfellow alleges that he filed suit because the Comptroller did not process his application for compensation. *Id*.

The trial court granted Appellee's Plea to the Jurisdiction and Motion to Dismiss under Texas Rule of Civil Procedure 91a, concluding that Stringfellow

failed to plead facts sufficient to establish jurisdiction or statutory eligibility for relief. CR. 364.

## II.    Procedural History

On December 19, 2024, Stringfellow filed suit against the Texas Comptroller of Public Accounts in the 98th District Court of Travis County, Texas. CR. 4-288. Stringfellow sought compensation for alleged wrongful imprisonment under Chapter 103 of the Texas Civil Practice and Remedies Code. *Id*. On January 24, 2025, the Comptroller filed a Plea to the Jurisdiction and Motion to Dismiss pursuant to Texas Rule of Civil Procedure 91a, asserting that the trial court lacked jurisdiction, and that Stringfellow failed to allege facts establishing statutory entitlement for relief under Chapter 103. CR. 304-313.

After considering the parties' pleadings and applicable law, the trial court granted the Comptroller's Plea to the Jurisdiction and Motion to Dismiss. CR. 364. Stringfellow subsequently filed a notice of appeal to this Court. CR. 366-368.

## SUMMARY OF THE ARGUMENT

The trial court correctly granted Appellee's Plea to the Jurisdiction and Motion to Dismiss under Texas Rule of Civil Procedure 91a. Despite Stringfellow's assertions, he fails to establish that the trial court had subject-matter jurisdiction over his claim or that he is entitled to relief under Chapter 103 of the Texas Civil Practice and Remedies Code. As sovereign immunity remains intact, and Stringfellow failed

to satisfy the statutory prerequisites necessary to pursue a wrongful imprisonment claim, dismissal was required as a matter of law. Accordingly, this Court should affirm the trial court's judgment.

## STANDARD OF REVIEW

A plea to the jurisdiction challenges the subject matter jurisdiction of the court. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "Subject matter jurisdiction is never presumed and cannot be waived." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). A plaintiff has the burden to establish subject matter jurisdiction. *See id.* at 446. The existence of subject matter jurisdiction is a question of law for the court. *See City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010). "Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling *de novo*." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). A court does not have subject matter jurisdiction where a plaintiff's claims are barred by sovereign immunity. *See id.* at 225–26.

Generally, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. Under Rule 91a, "[a] cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A

motion to dismiss under Texas Rule of Civil Procedure 91a is reviewed *de novo*. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).

## ARGUMENT

### I.      The trial court lacked jurisdiction over Stringfellow's claim.

The trial court properly granted the Comptroller's Plea to the Jurisdiction because sovereign immunity bars Stringfellow's suit. The Texas Comptroller of Public Accounts, as a state agency, is entitled to sovereign immunity unless it has been expressly waived by statute. *See Miranda*, 133 S.W.3d at 224.

"The right to compensation under Chapter 103 is purely a creature of statute." *Ex parte Springsteen*, 506 S.W.3d 789, 799 (Tex. App.—Austin 2016, pet. denied). To be eligible for compensation and establish the narrow waiver of sovereign immunity, a claimant must have served time in a Texas prison and either received a full pardon based on innocence, obtained habeas relief with a judicial finding of actual innocence, or obtained habeas relief followed by a dismissal in which the prosecutor affirmatively stated a belief in the person's actual innocence and acknowledged a lack of credible evidence. *See* Tex. Civ. Prac. & Rem. Code § 103.001(a); *State ex rel. Abbott v. Young*, 265 S.W.3d 697, 700 (Tex. App.—Austin 2008, pet. denied).

Further, Chapter 103 provides a limited administrative process for individuals seeking compensation for wrongful imprisonment through the Comptroller. Tex.

Civ. Prac. & Rem. Code § 103.001, et seq. The Comptroller retains exclusive initial jurisdiction over wrongful imprisonment compensation claims until a final denial of an application is rendered. *See* Tex. Civ. Prac. & Rem. Code § 103.051(e); *Springsteen, 506 S.W.3d* at 800. "[W]here, as here, the Legislature has vested exclusive jurisdiction in an agency to make the initial determination in a dispute, it displaces any jurisdiction that the district court might otherwise possess over that subject matter." *Springsteen*, 506 S.W.3d at 800 (Tex. App.—Austin 2016, pet. denied).

Only after the Comptroller denies an application does the statute provide that a claimant may seek mandamus relief, which must be filed with the Texas Supreme Court. *See* Tex. Civ. Prac. & Rem. Code § 103.051(e); *In re Smith*, 333 S.W.3d 582, 585 (Tex. 2011) ("The original proceeding must be filed in this Court because only the Supreme Court may issue a writ of mandamus against an officer of the executive department of this state, such as the Comptroller."). These statutory prerequisites to suit under Chapter 103 are jurisdictional requirements to Stringfellow's suit against the Comptroller. *See* Tex. Gov't. Code § 311.034.

As such, the trial court lacked jurisdiction to review or adjudicate claims challenging the Comptroller's determinations under Chapter 103. Even if Defendant had satisfied the statutory prerequisites to bring a mandamus action, the trial court lacked jurisdiction to hear the mandamus action for Comptroller's denial of his

claim. *See Springsteen*, 506 S.W.3d at 800 ("any attempt by Springsteen to challenge the Comptroller's determinations through his suit would infringe upon the exclusive jurisdiction of the Texas Supreme Court"). Stringfellow did not plead facts showing that the Comptroller issued a denial of his application (or ever received it), much less that he pursued any prerequisite administrative remedies. Because Appellant failed to establish a waiver of sovereign immunity or satisfy Chapter 103's jurisdictional prerequisites, the trial court lacked subject-matter jurisdiction, and dismissal was mandatory.

II.     **Appellant failed to establish statutory entitlement to relief under Chapter 103.**

Even if jurisdiction existed, Appellant's claim would still fail because he does not meet the statutory eligibility requirements for compensation under Chapter 103. Chapter 103 limits eligibility for wrongful imprisonment compensation to claimants who have served a sentence in prison and satisfy one of three narrow categories: (1) receipt of a full pardon based on innocence, (2) relief granted under a writ of habeas corpus based on actual innocence, or (3) relief granted under a writ of habeas corpus followed by a dismissal with prosecutorial findings of actual innocence. *See* Tex. Civ. Prac. & Rem. Code § 103.001(a).

Appellant does not allege that he received a pardon, obtained habeas corpus relief, or secured dismissal of the charges with the required findings. Instead, he

11

admits that he was released from custody with a conviction of Class A Misdemeanor Assault. "[A]n applicant must prove his actual innocence, and [the Court is] not at liberty to modify or relax those requirements." *In re G.S.*, 644 S.W.3d 160, 162 (Tex. 2022). Further, Stringfellow served a sentence in jail—the Travis County Correctional Complex—not a prison as specified by the statute. CR. 7, ¶3.1.4. As such, Appellant was not eligible for compensation for wrongful imprisonment under Chapter 103, and he cannot maintain a claim for compensation as a matter of law. Because Appellant failed to establish eligibility under Chapter 103 or demonstrate a waiver of sovereign immunity, he cannot maintain a claim for wrongful imprisonment compensation. Accordingly, dismissal under Rule 91a was proper, and the trial court's judgment should be affirmed.

## PRAYER

For the foregoing reasons, this Court should affirm the trial court's judgment dismissing Stringfellow's claims for lack of jurisdiction and failure to state a claim.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil
Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Anthony Dolcefino*
**ANTHONY DOLCEFINO**
Attorney-in-Charge
Texas Bar No. 24134406
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1327 / Fax (512) 320-0667
Anthony.Dolcefino@oag.texas.gov

*Counsel for Defendant-Appellee*
*Texas Comptroller of Public Accounts*

13

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2025, a true and correct copy of this document was served on the following counsel of record via the court's e-service system:

Steven Jacob Stringfellow
10160 Hwy 242, Ste 800-4117
Conroe, TX 77385-4379
512-571-2036
thefederalexitparty@gmail.com

***Plaintiff-Appellant***

>/s/ *Anthony Dolcefino*
>**ANTHONY DOLCEFINO**
>Assistant Attorney General


**CERTIFICATE OF COMPLIANCE**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2)(B), this brief contains 1676 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

>/s/ *Anthony Dolcefino*
>**ANTHONY DOLCEFINO**
>Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sarah Orr on behalf of Anthony Dolcefino
Bar No. 24134406
sarah.orr@oag.texas.gov
Envelope ID: 100437363
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: 20250505_Appellee Brief
Status as of 5/5/2025 12:51 PM CST

Associated Case Party: Texas Comptroller Judiciary Section

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Atty General | | Anthony.Dolcefino@oag.texas.gov | 5/5/2025 12:35:03 PM | SENT |
| Sarah Orr | | Sarah.Orr@oag.texas.gov | 5/5/2025 12:35:03 PM | SENT |